FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10:50 am, Jun 18, 2014
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
United States District Court for the District of Colorado

Wade A. Williams
    Plaintiff,

Case No. 14-cv-01356-MEH

-v-

LVNV FUNDING, LLC, a Delaware limited liability company,
    Defendant.

---

## AMENDED COMPLAINT AND JURY DEMAND

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., and for damages for violations of the Colorado Fair Debt Collection Practices Act (CFDCPA), Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq.

## VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff Wade Williams is a natural person.

8. The Plaintiff resides in the City of Thornton, County of Adams, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "consumer" as that term is defined by FCRA 15 U.S.C. §1681a(c).

11. The Plaintiff is a "consumer" as that term is defined by CFDCPA, 12-14-103(2)(a).

12. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is a furnisher of information to credit reporting agencies as defined by 15 U.S.C. 1681s-2 and a, "user of information" as defined by 15 U.S.C.g 1681m.

15. 13. The Defendant is a "collection agency" as that term is defined by CFDCPA, 12-14-103(2)(a).

16. The Defendant is licensed as a collection agency by the state of Colorado.

17. NVLV uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or

attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18. Defendant LVNV Funding, LLC is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

19. The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

20. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

21. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

23. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

24. Sometime before 2012 the Plaintiff allegedly incurred a financial obligations that were primarily for personal, family and household purposes namely an amount due and owing on a personal accounts owed to Chase Bank (hereinafter the "Accounts").

25. The alleged Accounts are a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26. The alleged Accounts went into default with Chase.

27. On or about June 5th, 2012 Plaintiff discovered violations of the FDCPA, FCRA and CFDCPA by reviewing his 3-in-1 Consumer Credit Report.

28. On or about June 6th, 2012 Plaintiff disputed the following three alleged debts with NVNV; LVNV Funding #517945401019xxxx, #438857601088xxxx, #410414001463xxxx. This debt was disputed by letter to LVNV sent on June 3rd, 2012 via Certified Mail 7011 0470 0002 0215 7304.

29. On July 2nd, 2012 Plaintiff disputed LVNV Accounts with Equifax Information Services, LLC via Certified Mail 7011 0470 0002 0215 7441

30. Equifax Information Services, LLC is a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681a(f).

31. On July 2nd, 2012 Plaintiff disputed LVNV Accounts with Experian via Certified Mail 7011 0470 0002 0215 7410

32. Experian is a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681a(f).

33. On July 2nd, 2012 Plaintiff disputed LVNV Accounts with TransUnion via Certified Mail 7011 0470 0002 0215 7458

34. TransUnion is a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681a(f).

35. On June 25th Plaintiff sent LVNV a NOTICE OF PENDING LAWSUIT. It was Defendant's initial attempt to amicably cure LVNV's violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., and for

damages for violations of the Colorado Fair Debt Collection Practices Act (CFDCPA), Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq.

36. On July 2, 2012 Plaintiff sent LVNV a NOTICE OF INTENT TO SUE. It was Defendant's second attempt to amicably cure LVNV's violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., and for damages for violations of the Colorado Fair Debt Collection Practices Act (CFDCPA), Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq.

37. On January 16th, 2014 Plaintiff obtained his consumer report from CreditKarma.com (CK).

38. CK uses TransUnion's information to publish an individual's consumer report.

39. On the Credit Report Generated by CK on January 16th, 2014, Plaintiff's consumer report stated that three LVNV accounts had gone into collections since Plaintiff last check his credit score on November 22, 2013.

40. On May 12th, 2014 Plaintiff obtained his "3 in 1" consumer report from Experian that showed credit information from all three credit bureaus.

41. The "3 in 1" report showed Equifax, Experian and TransUnion were all reporting the disputed three NVLV accounts.

42. The Defendant communicated the information regarding the Account after June 2012 to Experian and/or Equifax and/or Transunion in connection with the collection of the Accounts.

43. Upon information and belief in 2012 through 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian and/or Equifax and/or Transunion.

44. Upon information and belief in 2012 through 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian and/or Equifax and/or Transunion.

45. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion on the Accounts.

46. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion on the Accounts after June 2012.

47. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

48. The Defendant's statement(s) and/or action(s) constitute false and misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

49. The Defendant's statement(s) and/or action(s) constitute unfair and/or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

50. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

51. The FDCPA is a strict liability statute. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

52. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

53. Defendant actively participated in the acts or omissions which are the subject of this suit and sought to benefit from the actions alleged in this complaint.

54. Defendants have never provided any signed verification or validation or accounting of any alleged accounts or copy of any signed contract or agreement. Defendants failed to reinvestigate the alleged accounts after dispute as required by the FCRA.

55. The amendments to the FCRA made by the Consumer Credit Reporting Act of 1996 raised the bar of compliance with the law by imposing a higher duty to reinvestigation the **original source** providing information to the credit reporting agencies Congress clearly intended the furnishers of credit data to perform a more exacting investigation than merely parroting their own internal data which the consumer has disputed.

56. By ignoring Williams' timely demands for validation and disputes in their avoidance of their legal obligation to reinvestigate and go beyond mere electronic data obtained by the purchase of unverified and unauthenticated alleged account information, Defendant has violated the clear mandate Congress intended and enacted under 15 U.S.C. § 1681s-2(b).

57. The fact remains that the FCRA requires a reasonable reinvestigation and a deletion of inaccurate information from the consumer's credit reports after said consumer has disputed the information being provided. Not only have the Defendants failed to comply with 15U.S.C. § 1681s-2(b) by not performing a reasonable reinvestigation they have knowingly and willfully continued to furnish unverified and unauthenticated information to the credit reporting agencies for the past 23 months.

58. Defendants have knowingly reported inaccurate information about Williams, after failing to reinvestigate to the three major credit reporting agencies TransUnion, Equifax and Experian, damaging Williams for nearly two years in an attempt to coerce and deceive him into paying amounts not owed to them by Williams.

59. Transunion, Equifax and Experian are consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 168la(f).

60. The continued reporting of false and erroneous information to the credit reporting agencies without performing proper reinvestigation after Williams' disputes not only violates1 5U .S.C. §1681s2(b) the first time but a violation occurs each and every time the furnisher knowingly and willfully does so.

61. Each time the Defendants furnish information to the credit reporting agencies without first performing a reasonable reinvestigation after that reinvestigation has been demanded constitutes a new and separate deliberate violation of the statute.

62. The Federal Trade Commission publication "The Structure and Practices of the Debt Buying Industry", January 2013, contained the following findings which provide insight into the general practices of the industry and may explain the Defendant's failure to reinvestigate Williams' timely disputes:

   a. The availability of documents specific to accounts in most purchase and sale agreements is not guaranteed and may not exist.

   b. Approximately 500,000 disputed debts were not verified after dispute by the buyers in 2009 alone.

   c. The FDCPA prohibits debt collectors, including debt buyers from seeking to recover on unverified debts but does not bar the reselling of such debts to other purchasers which likely contributes to collectors seeking to recover from the wrong consumer or the wrong amount.

   d. Purchased information often includes spreadsheets containing a consumer's name, address, social security number, original creditor, date opened date charged off and balance at charge off but no documentation of the authenticity of the information.

   e. On average the debt buyers pay in a range from 2.2 to 7.9 cents on the dollar of amount of the alleged debt and are fully aware there is no guarantee of the validity or accuracy of the information they purchase.

 f. In many purchase and sale agreements sellers disclaim all warranties and representation regarding the accuracy of the information they provide at the time of the sale. Thus the buyer knowingly purchases "as is" and is therefore fully aware of the possibility of the information regarding an individual alleged account may be false or largely inaccurate.

63. The reporting of false and erroneous information to the credit reporting agencies is a Violation of the F DCPA 15 U.S.C. §1692g which re-ages the relative statute of limitations on such violations each and every time they knowingly and willfully do it.

64. As a consequence of the Defendant's action(s) in the 23 months prior to filing of the instant action, the Plaintiff seeks damages pursuant to Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., and for damages for violations of the Colorado Fair Debt Collection Practices Act (CFDCPA), Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq. Defendant's dissemination of inaccurate information about the Plaintiff has and is causing the following damages:

 a. Personal expenses related to disputing the allegedly inaccurate information.

 b. Injury to her credit reputation, undue worry and loss of happiness resulting from the distribution of incorrect and disparaging information to parties both known and unknown.

 c. A diminished credit score which may hinder Plaintiff's ability to obtain credit in the future.

 d. Hindered Plaintiff in his attempt to gain employment.

65. The Courts have consistently held that any person who willfully fails to comply with any requirement of the FCRA may be liable for punitive damages 15 U.S.C. § 1681n. To establish willful noncompliance, a plaintiff must prove that the defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others need not show 'malice or evil motive." Williams has repeatedly attempted to resolve the controversy over the disputed alleged account(s) with the Defendants to no avail over a substantial length of time. For this reason Williams had no other recourse beyond litigation to resolve these matters.

66. There is no debt as to the basis of this instant action, rather the basis is the illegal, unconscionable and invasive behavior of Defendant in its attempts to collect nonexistent alleged debt from Williams. Williams has attempted on multiple occasions to provide Defendant the opportunity to cure said egregious behavior to no avail.

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
### BY DEFENDANT LVNV

67. The previous paragraphs are incorporated into this Count by reference.

68. The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

69. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following through their act(s) and omission(s):

    (a) Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

    (b) Defendant violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

    (c) Defendant violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    (d) Defendant violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    (e) Defendant violated 15 U.S.C. §1692g by their failure to send the consumer a 30-day validation notice within five days of the initial communication.

70. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## COUNT II
## VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT LVNV

71. The previous paragraphs are incorporated into this Count by reference.

72. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

73. Defendant NVLV is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

74. Discovery of violations brought forth herein occurred from June of 2012 to present and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

75. Transunion, Equifax and Experian are consumer reporting agencies as defined by the FCRA,15U.S.C. § 168la(f).

76. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

77. FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

78. Such permissible purpose as defined by FCRA, 15 U.S.C. § 1681b are generally if the consumer makes application for credit, makes application for employment, for underwriting of Insurance involving the consumer, or is offered a bona fide offer of credit as a result of the Inquiry.

79. Before June of 2012 NVLV obtained the Trans Union consumer credit report for Williams with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Williams had no account whereby LVNV could claim permissible purpose and said

actions were a clear violation of his privacy. No claim of permissible purpose connected to the collection of a debt could exist because LVNV was fully aware the "alleged accounts" they were claiming to "own" and "service" were in dispute and they had not 'validated" them as per Williams' timely demand.

80. At no time did Williams give his consent for LVNV to acquire his consumer credit report from any credit reporting agency.

81. The actions of LVNV obtaining the consumer credit report of Williams with no permissible purpose or his express consent was a willful violation of FCRA, 15 U.S.C. § 1681b committed with actual malice and an egregious violation of Williams' right to privacy.

82. From June 2012 to present NVLV has been, as a direct result of its failure to conduct a reasonable investigation, willfully and knowingly reporting information purported to be in connection with Williams which it knew was false and inaccurate to all three credit reporting agencies Equifax, Experian and TransUnion in clear violation of the FCRA, 15 U.S.C. § 1681s-2(b).

83. To date NVLV has committed at least sixty-nine separate violations of FCRA, 15 U.S.C. § 1681s-2(b) by deliberately failing to reinvestigate before reporting to the consumer reporting agencies to the best of Williams' knowledge. Further violations may be identified in the discovery process.

84. Williams, by filing disputes with the consumer reporting agencies on July 2nd 2012, invoked his private right of action to assert claims against NVLV arising under FCRA, 15 U.S.C. § 1681s-2(b).

85. At no time has NVLV ever provided any valid justification they may have had for obtaining Williams' credit report or reporting false information to the credit reporting agencies. LVNV had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Williams' credit report and LVNV breached said duty. There was no account that LVNV had any right to collect to have had permissible purpose to obtain Williams' credit report and therefore Williams is entitled to damages for breach of said duty.

86. Williams made multiple attempts to dispute and provided ample opportunity for LVNV to engage in mitigation of damages and reach a settlement for their violations before taking civil action against them. Williams was not able to settle this matter with LVNV prior to litigation however that was not for lack of trying.

## COUNT III
## VIOLATIONS OF COLORADO FAIR DEBT COLLECTION PRACTICES ACT (CFDCPA), (C.R.S. § 12-14-109(2))

87. Paragraphs 1 through 25 are realleged as though fully set forth herein

88. The CFDCPA mandates that if a consumer notifies a collection agency in writing within thirty days that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the collection agency must cease collection of the debt until the collection agency obtains verification of the debt or a copy of the judgment or the name and address of the original creditor and mails a copy of such verification or judgment or name and address of the original creditor to the consumer.

89. Defendants have violated and continue to violate C.R.S. § 12-14-109(2) by failing to provide a verification in accordance with the statute.

90. As a result of Defendants' violations of the CFDCPA, the Plaintiff is entitled to injunctive relief preliminarily and permanently restraining Defendants, and their officers, directors, agents, servants, employees, attorneys, heirs, successors, and assigns, from engaging, directly or indirectly, in consumer debt collection against Plaintiff or otherwise acting as a collection agency against Plaintiff without a license or otherwise committing any of the acts, conduct, transactions, or violations described above, or otherwise violating the CFDCPA, C.R.S. § 12-14-135.

## RESPONDEAT SUPERIOR

91. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

92. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

93. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

94. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

95. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

96. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

97. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

98. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a); the FCRA § 615 and § 616; and the CFDCPA 12-14-113(b)(I)

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment for damages against Defendant, LVNV for statutory damages for each violation, actual damages punitive damage to so be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. §1692k, 15 U.S.C. § 1681n, and COLORADO REVISED STATUTE TITLE 12, ARTICLE 14, SECTION 101.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

*/s/ Wade A. Williams*

Wade A. Williams
13843 Fairfax Street
Thornton, Co 80602
(720) 515-9233