**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01356-MEH

WADE A. WILLIAMS,

    Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

    Defendant.

---

**DEFENDANT LVNV FUNDING, LLC'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

## I.    INTRODUCTION

According to Plaintiff Wade A. Williams ("Plaintiff"), Defendant LVNV Funding, LLC ("LVNV") failed to verify several disputed debts in 2012, and failed to conduct a reasonable investigation of disputed information reported on Plaintiff's credit report. However, Plaintiff does not disclose the grounds for any purported dispute, nor does he allege how LVNV failed to conduct a reasonable investigation of any disputed information. Regardless, in his Amended Complaint, Plaintiff asserts three causes of action against LVNV based on these alleged failures: (1) violation of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of 15 U.S.C. § 1681, *et seq.*, the Fair Credit Reporting Act ("FCRA"); and (3) violation of Colo. Rev. Stat. § 12-14-101, *et seq.*, the Colorado Fair Debt Collection Practices Act ("CFDCPA").

Plaintiff's Amended Complaint is fatally flawed. First, Plaintiff's FDCPA claim fails because it is barred by the applicable one-year statute of limitations and, in any event, is insufficiently pled. Second, Plaintiff's FCRA claim fails because Plaintiff does not allege what information on his credit report was the subject of his disputes, nor why LVNV's investigation of those unspecified disputes was unreasonable. Finally, Plaintiff's CFDCPA claim fails because it is also time barred, and the CFDCPA expressly rejects double recovery under "like provisions" of the FDCPA.

Accordingly, Plaintiff's Amended Complaint fails as a matter of law, and LVNV respectfully requests that the Court grant this Motion to Dismiss in its entirety.

## II.   MATERIAL ALLEGATIONS OF THE AMENDED COMPLAINT

According to the limited factual allegations in the Amended Complaint, prior to 2012, Plaintiff allegedly became responsible for payment of three accounts held by Chase Bank. (collectively, the "Accounts").[1] Amended Complaint ¶¶ 24, 28. Subsequently, the Accounts went into default. *Id*. ¶ 26. On or about June 5, 2012, Plaintiff reviewed a "3-in-1" credit report and discovered purported violations of the FDCPA, FCRA and CFDCPA, although Plaintiff does not specify what violations he discovered. *Id*. ¶ 27. On June 6, 2012, Plaintiff allegedly sent correspondence to LVNV to dispute the Accounts, although Plaintiff does not allege the basis of that dispute. *Id*. ¶ 28. Plaintiff alleges that on June 25, 2012 and July 2, 2012, he sent additional

---

[1] Fed. R. Civ. P. 5.2(a) requires redaction of all digits of a financial account number, except for the last four digits. The Amended Complaint does not comply with this requirement, instead redacting the last four digits only. To protect Plaintiff's financial privacy, LVNV has omitted all account numbers from this Motion. However, the term "Accounts" as used herein refers to the three accounts Plaintiff describes in ¶28 of the Amended Complaint.

correspondence to LVNV in an attempt to resolve the unspecified disputes prior to commencing a lawsuit. *Id*. ¶¶ 35-36. LVNV, however, allegedly failed to "verify" the Accounts. *Id*. ¶ 54.

Plaintiff also contends that on July 2, 2012, he disputed the Accounts with non-parties Equifax Information Services, LLC, Experian and TransUnion (collectively, the "CRAs"). *Id*. ¶¶ 29, 31, 33. Again, Plaintiff fails to allege the grounds for his disputes to the CRAs. Plaintiff does not allege that the CRAs forwarded his disputes to LVNV.

On May 15, 2014, Plaintiff filed the original Complaint in this action. [Doc. No. 1]. On June 18, 2014, prior to LVNV's time to respond to the original Complaint, Plaintiff filed his Amended Complaint. [Doc. Nos. 8, 12].

### III.     LEGAL ARGUMENT

#### A.     Legal Standard for a Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Wolfe v. AspenBio Pharma, Inc.*, No. 11-cv-00165-REB-KMT, 2012 WL 4040344, at *1 (D.Colo. Sept. 13, 2012) (unpublished). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *See The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The purpose of a Rule 12(b)(6) motion is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *See, e.g.*, *Arron v. U.S.*, 113 F.3d 1245 (10th Cir. 1997) (dismissal without leave is proper where amendment is futile).

Additionally, while the Court must construe the filings of a *pro se* litigant liberally, it should not be the *pro se* litigant's advocate, nor should it supply additional factual allegations to round out the *pro se* litigant's complaint or construct a legal theory on his or her behalf. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1981); *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

    B.    **Plaintiff's FDCPA and CFDCPA Claims Fail as a Matter of Law**

        1.    **Plaintiff's Claims Under the FDCPA and CFDCPA are Barred by the One-Year Statute of Limitations**

Plaintiff's first and third causes of action for violation of the FDCPA and CFDCPA are barred in their entirety by the applicable statutes of limitations. Specifically, a claim for violation of the FDCPA and CFDCPA must be brought "within one year from the date on which the violation occur[ed]." 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this title [15 USCS §§ 1692 *et seq*.] may be brought . . . within one year from the date on which the violation occurs"); *Johnson v. Riverwalk Holdings, Ltd.*, No. 12-cv-00427-WYD-GJR, 2013 WL 2338355, at *3 (D. Colo. May 29, 2013) (unpublished) (plaintiff's FDCPA claim barred by one-

4

year statute of limitations); C.R.S. § 12-14-113(4) ("An action to enforce any liability created by the provisions of this article may be brought in any court of competent jurisdiction within one year from the date on which the violation occurs."); *Conrad v. Educ. Res. Inst.*, 652 F. Supp. 2d 1172, 1184 (D. Colo. 2009) (plaintiff's CFDCPA claim barred by one-year statute of limitations).

Here, Plaintiff alleges that the purported violations of the FDCPA and CFDCPA occurred in 2012. Amended Complaint ¶ 27 ("On or about June 5th, 2012, Plaintiff discovered violations of the FDCPA . . . and CFDCPA"), ¶ 28 ("On or about June 6th, 2012 Plaintiff disputed the following three alleged debts with NVNV [*sic*] . . . . The debt was disputed by letter to LVNV sent on June 3rd, 2012 . . .").

Thus, to be considered timely, Plaintiff was required to file a complaint in or before June 2013. *See* 15 U.S.C. § 1692k; C.R.S. § 12-14-113(4). However, Plaintiff did not file his original Complaint in this action until May 15, 2014, ***almost two years*** after the purported violations occurred. *See* Complaint [Doc. No. 1]. Accordingly, Plaintiff's FDCPA and CFDCPA claims are barred in their entirety by the one-year statute of limitations, and must be dismissed with prejudice.

### 2. Plaintiff Fails To Allege the Foundational Elements of an FDCPA or CFDCPA Claim

Plaintiff's FDCPA and CFDCPA claims are also substantively flawed. To plead a violation of either statute, Plaintiff must allege at least three foundational elements: (1) a "debt collector" or "collection agency"; (2) "collecting" or "attempting to collect"; (3) a "debt." 15 U.S.C. § 1692a(5); C.R.S § 12-14-103; *see also Lujan v. Global Credit and Collection Corp.*, No. 10-cv-02584-JLK-KLM, 2011 WL 2890216, at *3 (D. Colo. July 19, 2011) (unpublished) ("In order to pursue a claim under the FDCPA, a Plaintiff must satisfy three threshold criteria . . .

he must show that he has been the object of collection activity arising from debt incurred 'primarily for personal, family, or household purposes.'") (citing 15 U.S.C. § 1692a(5)); *Winter v. I.C. Sys., Inc.*, 543 F. Supp. 2d 1210, 1214 (2008) ("a threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt.") (internal citation omitted); C.R.S. § 12-14-109(a) (notice requirements only apply where a "debt collector or collection agency" engages in conduct "in connection with the collection of any debt.").

Here, Plaintiff fails to allege that LVNV violated the FDCPA or CFDCPA while collecting or attempting to collect a debt. In fact, Plaintiff does not allege any collection activity undertaken by LVNV at all. Rather, he alleges the exact opposite: that Plaintiff did not even know about the Accounts until he reviewed his credit report in June 2012. Amended Complaint ¶ 27. Further, the Amended Complaint is predicated on the allegation that even after receiving Plaintiff's dispute, LVNV took no action whatsoever. *Id.* ¶ 54. Hence, there is simply no collection activity to speak of.

      **3.    Plaintiff's Claims under Section 1692g of the FDCPA and Section 12-14-109 of the CFDCPA Fail as a Matter of Law**

Section 1692g of the FDCPA and Section 12-14-109 of the CFDCPA both require a debt collector to comply with certain notice requirements following an "initial communication with a consumer." 15 U.S.C. § 1692g(a); C.R.S. § 12-14-109(1). Absent an "initial communication," however, there can be no liability under these provisions. *Burnett v. Mortgage Elec. Registration Sys.*, 706 F.3d 1231, 1241 (10th Cir. 2013) ("Section 1692g liability requires an 'initial communication . . .'"); *see also Udis v. Universal Communications Co.*, 56 P.3d 1177, 1179 (Colo. App. 2002) (relying on federal case law arising under the FDCPA to interpret the

CFDCPA). Hence, a plaintiff's failure to allege an "initial communication" by a debt collector is fatal to his claims under Section 1692g and Section 12-14-109:

> Section 1692g liability requires an 'initial communication . . . in connection with the collection of any debt' to trigger the notice obligation . . . . [I]t is not improper to require [plaintiff] to plead more detail so as to understand when she alleges § 1692g was triggered and by whom violated. Again, [plaintiff] has not stated sufficient factual allegations here to 'nudge [her] claims . . . across the line from conceivable to plausible.'

*Burnett*, 706 F.3d at 1241.

Here, Plaintiff alleges that there was no communication from LVNV to Plaintiff, either prior to Plaintiff first discovering the purported violations or after Plaintiff allegedly disputed the accounts at issue. Amended Complaint ¶¶ 27, 54. Indeed, Plaintiff's Amended Complaint is apparently premised on the theory that Plaintiff first learned of the Accounts when he checked his credit report in June 2012, and even after LVNV received a dispute from Plaintiff, LVNV failed to take any action concerning the Accounts, including responding to Plaintiff's dispute and verification requests. *Id.* ¶¶ 27, 54. Accordingly, Plaintiff's claims under Sections 1692g and 12-14-109 fail in their entirety.[2]

### 4. Plaintiff's Credit Reporting Allegations are not Actionable under the FDCPA

As for Plaintiff's Section 1692e and 1692f claims, to the extent discernible, they appear to be premised on LVNV's reporting of the Accounts to the CRAs. Amended Complaint ¶ 69(a) – (d). However, "[w]here the debt collector communicates with a consumer reporting agency, the 'communication, in and of itself ... does not support a cause of action under the FDCPA, unless

---

[2] In addition, Plaintiff's Section 1692g (FDCPA) and Section 12-14-109 (CFDCPA) claims are substantially identical. But the policy of this State is not to award damages under both the FDCPA and the CFDCPA. *See* C.R.S. § 12-14-113(6). Plaintiff cannot recover damages under his CFDCPA claim if he recovers recover damages under his substantially similar FDCPA claim.

that communication is otherwise unlawful." *Horvath v. Premium Collection Servs.*, No. CV-09-2516-PHX-GMS, 2010 WL 1945717, at *5 (D. Ariz. May 12, 2010) (unpublished) (citations omitted). In fact, credit reporting, without more, is not a collection activity coming under the purview of the FDCPA. *See Miller v. Bank of America*, 858 F. Supp. 2d 1118, 1123 (S.D. Cal. 2012) ("Plaintiff cannot state a claim under the FDCPA because [defendant's] allegedly false statements [to the CRAs] cannot be deemed to be 'in connection with a present debt collection proceeding.'").

Moreover, allegations of improper credit reporting conduct are governed by 15 U.S.C. § 1681s-2(a) of the FCRA, for which there is no private right of action. *Horvath*, 2010 WL 1945717, at *3 (unpublished) ("To the extent that the Amended Complaint can be read to imply that [Defendant's] communications with credit reporting agencies were false or inaccurate, this cannot serve as the basis for [plaintiff's FDCPA] claim because the FCRA specifically precludes private parties from bringing claims under § 1681s-2(a). [Plaintiff] cannot circumvent the FCRA by raising his claim pursuant to the FDCPA.").

Here, Plaintiff alleges only that the reporting of the accounts to the CRAs violates various provisions of the FDCPA. Amended Complaint ¶ 69(a) – (d). These allegations of inaccurate credit reporting simply cannot support a claim under the FDCPA.

> Plaintiff argues that [Defendant's] reporting to ... Experian and Trans Union that the debt was owed by [Plaintiff] was a false representation of the 'character' and/or 'legal status' of the debt . . . . If the Court were to interpret the FDCPA as [Plaintiff] requests, any debt collector or data furnisher who communicates in anyway about a debt that is later discovered not to be owed by the individual the debt collector originally thought owed it would be liable under the FDCPA. The Court will not interpret this statute so broadly as to create such a liability. The FDCPA was intended to protect debtors from offensive, misleading, and aggressive tactics by debt collectors, not to hold debt collectors or others in the industry that refrain from such tactics to a standard of omniscience as to whether

or not a debt will eventually be found to belong rightfully to someone other than the individual first identified as the debtor.

*Farren v. RJM Acquisition Funding, LLC*, No. 04-995, 2005 WL 1799413, at *9 (E.D. Pa. July 29, 2005) (unpublished); *see also King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272, 1281-82 (N.D. Ga. 2006) ("The Court . . . declines to interpret the FDCPA as requiring debt collectors to refrain from reporting account information solely because a debtor informs the collector that he believes the account to be fraudulent. Such a policy would encourage debtors to claim that their debts were fraudulent so that the debts would be removed from their credit files. The Court also declines to compel debt collectors to disregard the results of their own investigations.").

      **C.**      **Plaintiff does not State a Claim for Relief under the FCRA**

As for Plaintiff's attempt to impose liability based on LVNV's alleged failure to reasonably investigate his disputes, no violation of Section 1681s-2(b) has been, or can be, stated.

The FCRA provides for a private cause of action against a credit furnisher under limited and specific circumstances. Specifically, section 1681s-2(b), titled "Duties of furnishers of information upon notice of dispute," imposes certain obligations on furnishers. 15 U.S.C. § 1681s-2(b)(1). Once a dispute is received by the furnisher from a CRA, the furnisher has a duty to conduct an investigation with respect to the disputed information, to review the information provided by the CRA, and to report its findings to the CRA. 15 U.S.C. § 1681s-2(b)(1)(A)-(C). If the investigation reveals that the information is incomplete, inaccurate, or unverifiable, the furnisher must modify, delete, or permanently block the reporting of that item of information. 15 U.S.C. § 1681s-2(b)(2).

Upon receipt of a dispute from a credit reporting agency, Section 1681s-2(b) merely requires a furnisher to make a "reasonable" and non-cursory investigation. *Cousineau v. Unifund*

*CCR Partners*, No. 10-cv-03109-CMA-KLM, 2012 WL 3135697, at *3 (D. Colo. July 31, 2012) (unpublished) (citing *Gorman v. Wolpoff & Abramson, LLP*., 584 F.3d 1147, 1157 (9th Cir. 2009)). The furnisher must investigate "all relevant information" provided by the credit reporting agency, but the information provided by the credit reporting agency limits the scope of the required investigation. *See Cousineau*, 2012 WL 3135697, at *3 (citing 15 U.S.C. § 1681i(a)(2)(A)). In *Gorman v. Wolpoff & Abramsom, LLP*, the relevant inquiry under Section 1681s-2(b) was explained as follows:

> We emphasize that the requirement that furnishers investigate consumer disputes is procedural. An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be wrong.

*Id*. at 1161.

Here, Plaintiff does not allege which account was disputed with the CRAs, or on what grounds. Because the investigation required is limited by the specific information disputed by the consumer, a pleading containing no allegation as to the content of the dispute (not even a conclusory one), cannot proceed. Stated differently, because Plaintiff fails to allege what information was disputed, Plaintiff necessarily cannot allege that Defendant's investigation of that unidentified dispute was unreasonable. *Gorman*, 584 F.3d at 1157 ("The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute.").

Accordingly, Plaintiff's FCRA claim should be dismissed.

## IV.   CONCLUSION

Based on the foregoing, LVNV respectfully requests that the Court grant this Motion in its entirety, and dismiss this action with prejudice.

Dated this 30th day of June, 2014.

            BLOOM MURR ACCOMAZZO & SILER, PC

            s/ *Daniel R. Delaney*
            Eric P. Accomazzo, CO Bar No. 10840
            Daniel R. Delaney, CO Bar No. 35958
            Taylor T. Haywood, CO Bar No. 46664
            410 17th Street, Suite 2400
            Denver, CO 80202
            (303) 534-2277
            Email: raccomazzo@bmas.com
               ddelaney@bmas.com
               thaywood@bmas.com

            *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of June, 2014, a true and correct copy of the foregoing **DEFENDANT LVNV FUNDING, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed via CM/ECF and served via first class mail upon the following:

Wade A. Williams
13843 Fairfax Street
Thornton, CO  80602

*Pro Se Plaintiff*

                                                     s/ *Nicole Marsade*
                                                    Nicole Marsade, Paralegal