IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01356-MEH

WADE A. WILLIAMS,

    Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

    Defendant.

_____

**CIVIL SCHEDULING ORDER**
_____

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference was held on August 13, 2014. Plaintiff, Wade A. Williams, 13843 Fairfax Street, Thornton, Colorado 80602, (720) 515-9233, appeared *pro se*. Daniel R. Delaney, Bloom Murr Accomazzo & Siler, PC, 410 17th Street, Suite 2400, Denver, Colorado 80202, (303) 534-2277 appeared on behalf of the defendant, LVNV Funding, LLC (the "Defendant").

### 2. STATEMENT OF JURISDICTION

Plaintiff alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Accordingly, the Court's jurisdiction arises under 28 U.S.C. § 1331.

Plaintiff also alleges a claim under the Colorado Fair Debt Collection Practices Act ("CFDCPA"), C.R.S. § 12-14-101, *et seq.* The Court has supplemental jurisdiction over Plaintiff's CFDCPA claim pursuant to 28 U.S.C. § 1367(a).

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.  <u>Plaintiff:</u>

Plaintiff claims Defendant violated his rights that are protected by Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., the Colorado Fair Debt Collection Practices Act (CFDCPA), Colorado Revised Statute Title 12, Article 14, Section 101, (12-14-101) et seq. The Plaintiff filed this case to seek damages for these violations.

Plaintiff claims Defendants through their illegal collection tactics violated the FDCPA, FCRA, and CFDCPA. Defendants also are reporting the alleged account on Plaintiff's consumer credit report from Experian, Equifax and TransUnion. The Defendants are reporting erroneous information that has damaged Plaintiff's credit score and violated the FCRA. Plaintiff claims that Defendant also did not properly investigate the disputed debts when debts were disputed.

b.  <u>Defendant:</u>

Defendant denies each of Plaintiff's allegations, and asserts that Plaintiff has failed to state a valid claim for relief. Defendant has filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

As more fully detailed in the motion to dismiss, Plaintiff's FDCPA claim fails because it is barred by the one-year statute of limitations and, in any event, Plaintiff does not allege

sufficient facts to support an FDCPA cause of action. Second, Plaintiff's FCRA claim fails because Plaintiff does not allege what information on his credit report was the subject of his disputes, nor why the Defendant's investigation of those unspecified disputes was unreasonable. Finally, Plaintiff's CFDCPA claim fails because it is time-barred, and the CFDCPA expressly rejects double recovery under "like provisions" of the FDCPA.

Even assuming *arguendo* that any violation occurred, which the Defendant denies, any such violation would have been unintentional in nature and the result of a bona fide error notwithstanding reasonable policies and procedures reasonably adapted to avoid such error.

## 4. UNDISPUTED FACTS

At this time, the Parties have been unable to agree that any material facts are undisputed.

## 5. COMPUTATION OF DAMAGES

a.  Plaintiff:

Plaintiff is seeking $1000 for violations of the FDCPA. Plaintiff seeks statutory damages of $1000 per month for violations of the FCRA on each credit report (Experian, Equifax, and TransUnion) for over two years. This is 3 credit reports X 24months = $72,000. Plaintiff is also seeking $1000 for violations of the Colorado Fair Debt Collections Practices Act. Total Plaintiff is seeking is $74000.

b.  Defendant:

Defendant has not yet claimed any damages in this action. However, Defendant reserves the right to seek damages against Plaintiff or any other third parties, as well as its reasonable attorneys' fees and costs incurred in defending this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED.R.CIV.P. 26(f)

a. <u>Date of Rule 26(f) meeting</u>. July 23, 2014.

b. <u>Names of each participant and party he/she represented.</u> Plaintiff appeared *pro se*. Taylor T. Haywood and Brett B. Goodman represented the Defendant.

c. <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made.</u> Plaintiff has served initial disclosures. Defendant will serve initial disclosures no later than August 6, 2014.

d. <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).</u> The Parties do not propose any changes to the timing or requirement of initial disclosures at this time. The Parties reserve the right to seek a stipulation of the parties or seek an order from the Court altering the limitations imposed by the Federal Rules should the need arise.

e. <u>Statement concerning any agreements to conduct informal discovery:</u> The Parties have not made any agreement to conduct informal discovery.

f. <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.</u> At this time, the Parties have not agreed to any such procedures. To the extent a unified exhibit numbering system is required, the Parties agree to comply with all such requirements.

g. <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.</u>

      a.    *Plaintiff*

Plaintiff states that most, if not all of his claims will involve extensive electronically stored information and that a substantial amount of disclosure and discovery will involve information and records maintained by Defendant and the original creditor in electronic form.

      b.    *Defendant*

At this time, the Defendant does not anticipate extensive discovery of electronically stored information.

      h.    <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving this case.</u>  The Parties have held several telephone discussions regarding early resolution of this action.  At this time, the Parties have been unable to resolve Plaintiff's claims, and believe initial written discovery is necessary before further settlement discussions will be fruitful.

### 7. CONSENT

All parties   X [have]   ☐ [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

      a.    <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.</u>  Defendant proposes that each party be limited to 1 party deposition (not including expert or third-party depositions).  Except as stated, the Parties believe discovery in this matter should proceed pursuant to the Federal Rules of Civil Procedure.

14

      b.    <u>Limitations which any party proposes on the length of depositions</u>.  None.

      c.    <u>Limitations which any party proposes on the number of requests for production and/or requests for admission</u>. Defendant proposes that the scope of requests for production to Defendant be limited to documentation directly relating to Plaintiff and/or the three (3) accounts referenced in paragraph 28 of the Amended Complaint.

      d.    <u>Other Planning or Discovery Orders</u>.  Defendant proposes that all discovery be stayed in this case until the Court issues a ruling on Defendant's pending motion to dismiss the Amended Complaint.  In addition, Defendant believes a protective order may be necessary because Plaintiff disputes that he is the owner of certain accounts.  Defendant will file a stipulated protective order and/or motion for protective order if necessary.

## 9. CASE PLAN AND SCHEDULE

      a.    <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>:

          October 31, 2014.

      b.    <u>Discovery Cut-off</u>:

          April 30, 2015

      c.    <u>Dispositive Motion Deadline:</u>

          June 30, 2015

      d.    <u>Expert Witness Disclosure</u>:

          1.    The parties anticipate expert testimony regarding the reasonableness of procedures for responding to consumer disputes of credit information.

          2.    The Parties propose that there shall not be more than two (2)

experts per party.

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2015.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 1, 2015.

    e. <u>Identification of Persons to Be Deposed</u>:

        a. Plaintiff: At this time, the Plaintiff anticipates deposing the LVNV employee identified as doing the investigation and validation on the three alleged LVNV accounts. Plaintiff expressly reserves the right to identify any additional deponents.

        b. *Defendant*: At this time, Defendant anticipates deposing Plaintiff. Defendant expressly reserves the right to identify any additional deponents.

    f. <u>Deadline for Interrogatories</u>:

45 days before discovery cutoff.

    g. <u>Deadline for Requests for Production of Documents and/or Admissions</u>:

45 days before discovery cutoff.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or*

*she has not already set deadlines by an order filed before the conference.]*

  a.  States conferences will be held in this case at the following dates and times: _____.

  b.  A final pretrial conference will be held on this case on _____ at _____ o'clock ____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  a.  <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement</u>. None.

  b.  <u>Anticipated length of trial and whether trial is to the court or jury</u>. The anticipated length of trial is 2-3 days. Plaintiff has demanded a jury trial.

  c.  <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado</u>. The parties are not aware of any at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2014.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

WADE A. WILLIAMS                                          BLOOM MURR ACCOMAZZO & SILER, PC

_____                           _____

Wade A. Williams                                          Eric P. Accomazzo, Reg. No. 10840
13843 Fairfax Street                                      Daniel R. Delaney, Reg, No. 35958
Thornton, Colorado  80602                                 Taylor T. Haywood, Reg. No. 46664
(702) 515-9233                                            410 17th Street, Suite 2400
                                                          Denver, Colorado 80202
*Pro Se Plaintiff*                                        (303) 534-2277
                                                          Email:  raccomazzo@bmas.com
                                                                  ddelaney@bmas.com
                                                                  thaywood@bmas.com

                                                          *Attorneys for Defendant*

19

## **CERTIFICATE OF SERVICE**

  I certify that on this 6th day of August, 2014, a true and correct copy of the foregoing CIVIL SCHEDULING ORDER was filed via CM/ECF and served via first class mail upon the following:

Wade A. Williams
13843 Fairfax Street
Thornton, CO  80602

*Pro Se Plaintiff*

                */s/ Nicole Marsade*
                Nicole Marsade, Paralegal