IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01356-MEH

WADE A. WILLIAMS,

    Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

    Defendant.

_____

**ORDER ON MOTION TO DISMISS**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed June 30, 2014; docket #15]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, the Court **GRANTS IN PART AND DENIES IN PART** the Defendant's motion.

**BACKGROUND**

**I.**    **Statement of Facts**

    The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiff in his Amended Complaint and Jury Demand, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Sometime before 2012, in three financial accounts, the Plaintiff incurred amounts due and owing primarily for personal, family and household purposes to Chase Bank. The Chase accounts went into default. On June 5, 2012, Plaintiff discovered "violations" of the FDCPA, FCRA and

CFDCPA by reviewing his 3-in-1 Consumer Credit Report, so on or about the following day,[1] he wrote a letter to the Defendant disputing the debts reflected in the three accounts. On June 25, 2012, Plaintiff sent Defendant a "Notice of Pending Lawsuit" in an attempt to "cure" Defendant's statutory violations. Then, on July 2, 2012, Plaintiff sent Defendant a "Notice of Intent to Sue" in a second attempt to "cure" the violations. On the same day, Plaintiff disputed (in writing) the three debts with consumer reporting agencies, Equifax Information Services, Experian, and TransUnion.

On January 16, 2014, Plaintiff obtained his consumer report from CreditKarma.com, which uses TransUnion's information to publish its consumer reports. This report reflected that the three disputed accounts had gone into collections since Plaintiff last checked his credit score on November 22, 2013. Then, on May 12, 2014, Plaintiff obtained his 3-in-1 consumer report from Experian, which reflected that Equifax, Experian, and TransUnion were all reporting the three disputed accounts. Plaintiff believes that Defendant regularly reported to the credit agencies from 2012 to 2014 that it was attempting to collect on the three accounts. However, Plaintiff contends that Defendant ignored his timely demands for validation and disputes, and failed to reinvestigate and verify the accounts and delete inaccurate information.

## II.     Procedural History

Plaintiff, proceeding *pro se*, initiated this action against the Defendant on May 15, 2014, then filed the operative Amended Complaint as a matter of course on June 18, 2014. *See* dockets ##1, 12. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Colorado Fair Debt Collection Practices Act ("CFDCPA"), and the Fair Credit Reporting Act

---

[1] Plaintiff first alleges he disputed the debts with Defendant on June 6, 2012, but then states he sent the letter on June 3, 2012.

("FCRA") under a theory of Respondeat Superior. Amended Complaint, docket #12. Defendant responded to Plaintiff's Amended Complaint by filing the present motion to dismiss arguing that the FDCPA and CFDCPA claims are barred by the statute of limitations, and Plaintiff fails to allege Defendant violated either statute "while collecting or attempting to collect a debt" or following "an initial communication with a consumer" or by reporting the accounts to the credit reporting agencies. Furthermore, Defendant contends Plaintiff fails to allege sufficient facts to support a FCRA claim.

Plaintiff responds that his FDCPA and CFDCPA claims are not time-barred since his allegations reflect that he learned of the Defendant's conduct in reporting disputed claims to credit agencies on January 16, 2014, after having last looked at his credit report on November 22, 2013. Plaintiff also asserts that he sufficiently alleges the elements of his FDCPA and CFDCPA claims, and sufficiently alleges that Defendant violated the statutes by making statements or conduct constituting "false and misleading representation(s) and/or mean(s)." In addition, Plaintiff contends that Defendant's reporting of the disputed claims was an "initial communication." Plaintiff further claims that "collecting a disputed debt" violates the FDCPA and "credit reporting constitutes an attempt to collect a debt"; thus, Plaintiff states he alleges a viable claim. Moreover, Plaintiff argues that he alleges no violations of FCRA section 1681s-2(a) (cited by Defendant), which contains no private right of action, but rather alleges a violation of section 1681s-2(b). Finally, Plaintiff contends that there is a factual dispute as to whether Defendant conducted a required investigation and, thus, the claim should proceed through discovery.

Defendant replies that Plaintiff's response brief simply repeats the legal elements of his claims and argues that Defendant has failed to produce evidence to support its motion, neither of which salvages the operative pleading. Further, Defendant asserts that Plaintiff failed to allege any

unlawful conduct during the statutory period, since communication between a debt collector and a credit agency is not, itself, unlawful.  Moreover, Defendant contends that Plaintiff's allegations are "legal conclusions couched as factual allegations," and that Plaintiff failed to allege any specific instances of debt collection activity by Defendant nor how such activity violates the statutes. Defendant also challenges Plaintiff's failure to allege grounds for disputing the accounts, which is required for a FCRA claim.  Finally, Defendant argues that neither the FDCPA nor the CFDCPA applies to any communications between the Plaintiff and credit reporting agencies; rather, a communication must be with a consumer in connection with the collection of a debt.

The Court is now fully advised and finds as follows.

## **LEGAL STANDARDS**

### I.     Treatment of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188,

4

1197 (10th Cir. 1989)).

## II.     Dismissal under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Rule 12(b)(6) evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 678-79. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 679. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## ANALYSIS

### I. Fair Debt Collection Practices Act (FDCPA) Claims

In "Count I," Plaintiff alleges Defendant violated five sections of the FDCPA: 15 U.S.C. § 1692e(2)(A) (prohibiting the false representation of the character, amount or legal status of any debt); § 1692e(8) (a "failure to communicate that a disputed debt is disputed" constitutes a violation of the FDCPA); § 1692e(10) (prohibiting the "use of any false representation or deceptive means to collect or attempt to collect any debt"); § 1692f(1) (requires collection of only those amounts that are "expressly authorized by the agreement creating the debt or permitted by law"); and § 1692g (requires a debt collector notified of a dispute to "cease collection ... until [it] obtains verification of the debt ... and a copy of such verification ... is mailed to the consumer").

Construing the operative pleading liberally, the Court finds Plaintiff's primary allegations concerning FDCPA violations are that the Defendant (1) failed to send a written notice of the debts after an initial communication with Plaintiff in 2012 (Amended Complaint, ¶ 69(e)); (2) failed to obtain a verification of the debts and mail a copy of the verification to Plaintiff (*Id.*, ¶ 54); and (3) reported to the credit agencies (apparently starting in November 2013) three debts without characterizing them as disputed (*Id.*, ¶¶ 39-49).

Defendant contends that Plaintiff's FDCPA claims are barred by the statute of limitations. "Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has

been extinguished.'" *Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)).

Pursuant to 15 U.S.C. § 1692k(d), a claim for relief under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1188 (10th Cir. 2013). However, "separate communications can create separate causes of action arising from collection of a single debt"; accordingly, "discrete violations of the FDCPA should be analyzed on an individual basis." *Solomon*, 395 F. App'x at 497.

Plaintiff filed his original complaint in this case on May 15, 2014; therefore, he may only recover for alleged unlawful conduct by the Defendant that occurred no earlier than May 15, 2013. An FDCPA claim accrues at the time the false or misleading communication is made. *Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1073-74 (D. Colo. 2009) (citing *McCready v. Harrison*, 67 F. App'x 971, 974 (7th Cir. 2003) (unpublished); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995)).

Taking Plaintiff's allegations as true, the Court finds that Defendant's alleged reports to Equifax, Experian, and TransUnion starting in November 2013 without characterizing the debt as disputed implicate FDCPA sections 1692e (using false or misleading representations in the collection of a debt) and § 1692f (engaging in false or unfair practices). However, Plaintiff's claims pursuant to § 1692g (failing to provide debt validation or to cease collection efforts after he disputed the debt) partially involve allegations of conduct that occurred before May 15, 2013, such as Defendant's failure to send a written notice after an initial communication in 2012, which are barred by the statute of limitations.

As to those § 1692g allegations that may involve conduct within the statutory period,[2] the Defendant argues Plaintiff failed to allege an "initial communication," which would bar claims under both subsections (a) and (b) of the section. The Court must agree. Although Plaintiff's allegations concerning Defendant's failure to obtain verification and mail a copy to Plaintiff implicate subsection (b), which does not mention an "initial communication," § 1692g(b)'s requirements are contingent upon "the consumer notif[ying] the debt collector in writing [of a dispute] within the thirty-day period described in subsection (a)." 15 U.S.C. § 1692g(b). The "thirty-day period" is defined in subsection (a) as "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). Accordingly, § 1692g(b)'s requirements become effective only if a consumer demonstrates he or she disputed the validity of a debt within thirty days of his or her receipt of the written notice from the debt collector.

Here, Plaintiff alleges that he "discovered violations of the FDCPA, FCRA and CFDCPA by reviewing his 3-in-1 Consumer Credit Report" and the next day, "disputed the [ ] three alleged debts with [ ] LVNV Funding." Amended Complaint, ¶¶ 27, 28. There are no allegations that he had any communications from Defendant about the debts before he "disputed" them. Plaintiff contends that he never received a written notice required by § 1692g(a); however, there are no allegations that he had an "initial communication" with Defendant that would trigger the requirement of such written notice. Plaintiff attempts to argue that "the reporting [to the credit

---

[2]Certainly, while any allegations of Defendant's failure to send a written notice "within five days after the initial communication" (governed by § 1692g(a)) are barred in this case by the statute of limitations, there appears to be no time limit as to when the Defendant must have verified the debt and sent a copy of such verification to the Plaintiff (governed by § 1692g(b)).

agencies] of the account the first time would be an initial communication" (Response, ¶ 26); however, the Court is not persuaded by self-serving statements lacking any supporting authority.

Because the Plaintiff fails to allege an "initial communication" between himself and Defendant, § 1692g(a)'s requirement that Defendant send Plaintiff a "written notice" is not triggered and, thus, § 1692g(b)'s requirement that Defendant verify the debts *if* Plaintiff disputed the debts within thirty days of receiving the written notice is not triggered. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's claims brought pursuant to § 1692g.

However, Plaintiff's claims under § 1692e and § 1692f, involving conduct that occurred after May 15, 2013, remain. Defendant argues that Plaintiff "does not allege any collection activity undertaken by LVNV at all." Plaintiff counters that a debt collector's reports to credit agencies constitute collection activity. It appears that other courts addressing this issue agree with Plaintiff. *See Grace v. LVNV Funding, Inc.*, -- F. Supp. 2d --, 2014 WL 2167487, at *5 (W.D. Ky. 2014) ("The Sixth Circuit has assumed without deciding that reporting a debt to credit agencies constitutes a "collection activity.") (citing *Purnell v. Arrow Fin'l Servs., LLC*, 303 F. App'x 297, 304 n.5 (6th Cir. 2008)); *see also Sullivan v. Equifax*, No. CIV.A. 01-4336, 2002 WL 799856, at *4 (E.D. Pa. 2002) (discussing the broad definition of the term "communication" in the FDCPA and concluding "[b]ecause reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1629e(8) can subject a debt collector to liability under the FDCPA.").

Defendant cites *Miller v. Bank of Am., Nat'l Ass'n*, 858 F. Supp. 2d 1118, 1123 (S.D. Cal. 2012) for the proposition that "credit reporting, without more, is not a collection activity coming under the purview of the FDCPA." However, the court in *Miller* came to this conclusion after

9

determining that the defendant's reports occurred after the plaintiff's debt was settled and, thus, the defendant's reports were not made "in connection with a present debt collection proceeding." *Id.* *Miller* is clearly distinguishable from the alleged facts in this case.

Defendant also cites *Horvath v. Premium Collection Servs., Inc.*, No. CV-09-2516-PHX-GMS, 2010 WL 1945717 (D. Ariz. May 12, 2010) for the proposition that the FDCPA is silent as to when communications between a debt collector and a consumer reporting agency are unlawful; thus, only a section of the FCRA, which provides no private right of action, specifies when communication is permitted. Defendant argues that, based on this proposition, a claim for inaccurate reporting cannot support a claim under the FDCPA. The Court disagrees.

First, *Horvath* is an unpublished decision of a district court in a different circuit; this Court is not bound to follow it. Second, this Court respectfully disagrees with the *Horvath* court's conclusion that the FDCPA "does not specify when communications between a debt collector and a consumer reporting agency are unlawful." *Id.* at *2. 15 U.S.C. § 1692e(8) provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Certainly, this FDCPA provision (as well as other subsections of § 1692e as set forth above) governs a debt collector's communications "to any person" including credit reporting agencies.

Defendant also cites two other district court opinions from other circuits (one unpublished)

in support of its proposition that a claim for inaccurate[3] reporting cannot support a claim under the FDCPA. However, *Farren v. RJM Acquisition Funding, LLC*, No. 04-995, 2005 WL 1799413, at \*9 (E.D. Pa. July 26, 2005) was analyzed pursuant to Fed. R. Civ. P. 56 and questioned whether the plaintiff presented sufficient evidence that the defendant was aware at the time it reported the challenged debt to credit agencies the debt did not belong to plaintiff. *See id.* ("If the Court were to interpret the FDCPA as Mr. Farren requests, any debt collector or data furnisher who communicates in any way about a debt *that is later discovered not to be owed by the individual* the debt collector originally thought owed it would be liable under the FDCPA.") (emphasis added). Moreover, the court in *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272 (N.D. Ga. 2006) also analyzed a Rule 56 motion and followed *Farren* on the same or similar facts. *Id.* at 1281-82. However, there are no allegations here that Defendant reported (or continued to report) the debts it reasonably believed to be owed by Plaintiff to credit agencies, then later discovered the debt was not owed; rather, Plaintiff alleges that Defendant reported the debt to credit agencies without verifying the debts and without characterizing the debts as disputed. Clearly, the cases on which Defendant relies for its argument are distinguishable.

Accordingly, the Court finds that Defendant successfully demonstrates that any claims alleging conduct violative of the FDCPA that occurred before May 15, 2013 are barred by the statute of limitations. Further, Defendant has shown that Plaintiff's allegations fail to state claims pursuant to § 1692g. However, Defendant fails to meet its burden to show that Plaintiff's § 1692e and § 1692f claims, alleging Defendant reported three debts to credit agencies starting in or about

---

[3] The Court recognizes that Defendant's word "inaccurate" is not the same as the FDCPA's requirement of "false," which implies a "knowledge" component in reporting credit information that is not true.

November 2013 without characterizing them as disputed, should be dismissed. Only discovery will reveal whether Defendant knew or should have known that the Plaintiff disputed the debts at the time they were reported. *See Llewellyn*, 711 F.3d at 1189 ("A debt collector does not have an affirmative duty to notify CRAs that a consumer disputes the debt unless the debt collector knows of the dispute and *elects to report to a CRA*.") (emphasis added).

Therefore, Defendant's motion to dismiss is granted in part and denied in part as to Plaintiff's FDCPA claims.

## II.    Fair Credit Reporting Act (FCRA) Claims

In "Count II" of the Amended Complaint, Plaintiff alleges claims pursuant to the FCRA. Construing Plaintiff's allegations liberally and as true, the Court finds Plaintiff's primary allegations concerning FCRA violations are that the Defendant (1) obtained a TransUnion consumer credit report for Plaintiff with no permissible purpose and without Plaintiff's permission before June 2012 (Amended Complaint, ¶¶ 79, 80); (2) failed to conduct a reasonable investigation of the three debts after being informed of Plaintiff's disputes (*id.*, ¶¶ 82, 83); and (3) reported to credit agencies information it knows to be false and inaccurate since June 2012 (*id.*). Based on these allegations, Plaintiff brings claims pursuant to the FCRA, 15 U.S.C. §§ 1681b and 1681s-2(b).

With respect to the allegations regarding an investigation and reporting false information, § 1681s-2(b) governs the duties of "furnishers of information" to credit agencies upon notice of a disputed debt. This provision provides that, within 30 days of notification by a credit agency of a dispute, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

12

>  (C) report the results of the investigation to the consumer reporting agency;
>
>  (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
>  (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –
>
>  > (i) modify that item of information;
>  >
>  > (ii) delete that item of information; or
>  >
>  > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). In this case, Plaintiff alleges that Defendant was the "furnisher" who failed "to conduct a reasonable investigation." However, although Plaintiff alleges he "disputed" the debts with the credit agencies on July 2, 2012, there are no allegations that any agency notified the Defendant of such disputes. Without such notice, the duties of a furnisher are not triggered. *See Maiteki v. Marten Transp. Ltd.*, -- F. Supp. 2d --, 2013 WL 6355923, at *3 (D. Colo. Dec. 4, 2013) (finding allegations sufficient to support § 1691s-2(b) claim where plaintiff alleged defendants were notified by credit agency of dispute); *see also Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1011 (D. Colo. 2012) ("section 1681s-2(b) duties are those of verification and correction that arise once a furnisher of information has received notice of a dispute from a CRA") (emphasis omitted). Thus, to the extent that the Plaintiff claims Defendant failed to conduct an investigation at all, his allegations are insufficient and the claim fails.

To the extent that the Plaintiff alleges Defendant failed to conduct a "reasonable" investigation, the Court agrees with Defendant that Plaintiff fails to allege any details of the disputes

and any conduct by Defendant in the course of an investigation that may be considered in a "reasonableness" analysis. *See Maiteki*, 2013 WL 6355923 at *3 ("Courts have implied a reasonableness requirement to this [§ 1681s-2(b)] investigation."). Construing Plaintiff's claims liberally, the Court finds nothing in the Amended Complaint describing his dispute with the challenged debts or Defendant's alleged "unreasonable" conduct during an investigation. Accordingly, the Court finds Plaintiff fails to state a claim for relief under § 1681s-2(b).

Plaintiff also alleges Defendant obtained a TransUnion consumer credit report for Plaintiff with no permissible purpose and without Plaintiff's permission before June 2012 in violation of 1681b. Specifically, Plaintiff alleges he "had no account whereby LVNV could claim permissible purpose" and Defendant's actions in "obtaining the consumer credit report of Williams with no permissible purpose or his express consent was a willful violation." Amended Complaint, ¶¶ 79, 81. Defendant does not challenge this claim in the present motion.

Section 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless ... the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under [§ 1681b]." 15 U.S.C. § 1681b(f). "The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (citing §§ 1681b(f), 1681n(a)).

To demonstrate a violation of the FCRA for obtaining a credit report without a permissible purpose, a plaintiff must allege that (1) there was a consumer report; (2) the defendant used or obtained it; (3) the defendant did so without a permissible statutory purpose; and (4) the defendant was negligent or willful in doing so. *See DeMaestri v. VeriFacts, Inc.*, No. 11-cv-02430-WYD-

KMT, 2012 WL 11192758, at *4 (D. Colo. 2012), *adopted*, 2012 WL 11192034 (citing *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)) (other citations omitted). The Court finds Plaintiff alleges sufficient facts in his Amended Complaint to state an FCRA claim under § 1681b.

The Court finds that Defendant has demonstrated Plaintiff fails to state a claim for relief pursuant to § 1681s-2(b) of the FCRA, but Defendant has not met its burden to show that Plaintiff fails to state a claim pursuant to § 1681b. Therefore, the Court grants in part and denies in part Defendant's motion to dismiss Plaintiff's FCRA claims.

### III.    Colorado Fair Debt Collection Practices Act (CFDCPA) Claim

In "Count III" of the Amended Complaint, Plaintiff's CFDCPA claim is brought pursuant to Colo. Rev. Stat. § 12-14-109 and premised on the same facts as those supporting Plaintiff's FDCPA § 1692g claim. These state and federal statutes are "parallel" and appear to be virtually identical. *See Flood v. Mercantile Adjustment Bureau, LLC*, 176 P.3d 769, 772 (Colo. 2008); *see also Ray v. Int'l Bank, Inc.*, No. 04-cv-02221-MSK, 2005 WL 2305017, at *2 (D. Colo. Sept. 21, 2005). Accordingly, for the same reasons set forth in this Court's analysis of Plaintiff's FDCPA § 1692g claim, the Court grants Defendant's motion to dismiss Plaintiff's CFDCPA §12-14-109 claim.

### IV.    Leave to Amend

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective

allegations. *See Bellmon*, 935 F.2d at 1109-10.

Here, although the Plaintiff in this case is proceeding *pro se* in this case, he has filed at least nine cases in this Court during the last three years, most of which allege the same or similar claims as in this case. In other words, the Plaintiff is no stranger to the pleading requirements for his claims. He has already amended his Complaint once as a matter of course in this case, and the Defendant notified him of deficiencies through the present motion. Accordingly, the Court finds that the interests of justice will not be served by permitting additional amendments to the operative pleading.

## CONCLUSION

Accordingly, the Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed June 30, 2014; docket #15] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The motion to dismiss is granted in part and Plaintiff's claims seeking recovery for Defendant's conduct that occurred before May 15, 2013 are dismissed with prejudice;

2. The motion to dismiss is granted in part and Plaintiff's claims brought pursuant to the FDCPA, 15 U.S.C. § 1692g, to the FCRA, 15 U.S.C. § 1681s-2, and to the CFDCPA, Colo. Rev. Stat. 12-14-109(2) are dismissed with prejudice;

3. The motion to dismiss is denied only as to Plaintiff's claims seeking recovery for Defendant's conduct in the period since May 15, 2013 brought pursuant to the FDCPA, 15 U.S.C. §§ 1692e and 1692f; and

4. The motion to dismiss is denied only as to Plaintiff's claims seeking recovery

pursuant to the FCRA, 15 U.S.C. § 1681b.

Dated at Denver, Colorado, this 14th day of August, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge